<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0182n.06

Case No. 18-5868

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Apr 10, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LEANN PHILLIPS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LARRY C. CURTIS, II; CITY OF | ) | KENTUCKY |
| GEORGETOWN, KENTUCKY, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

SUTTON, Circuit Judge. The nature of police work means that police sometimes use force. The nature of the Fourth Amendment means that police may not use force unreasonably. Officer Larry Curtis shot Leann Phillips at some unspecified point after Phillips drove her car into a police cruiser. Phillips launched this lawsuit against Curtis and his employer, the City of Georgetown. Later, in truth five years later, Phillips pleaded guilty to wantonly endangering Curtis's life. After holding the case in abeyance until the resolution of the criminal case, the district court dismissed Phillips's civil suit under *Heck v. Humphrey*, 512 U.S. 477 (1994), reasoning that her criminal conviction necessarily implied that Curtis used force reasonably. We reverse and remand.

Here's what Phillips says happened. In May 2012, her abusive boyfriend assaulted her. When the police arrived to see what was going on, she tried to run away. She got into her car and,

while still upset, struck a police cruiser. The officers ordered her to stop and tried to break the car's windows when she refused to turn off the car. Her vehicle moved forward slowly, with several officers to the side and rear. Nevertheless, Curtis "without probable cause or justification shot" her "in the back" through the rear window. R. 1-1 at 2.

Shortly after the incident, Kentucky indicted Phillips on three counts of wanton endangerment for "manifesting an extreme indifference to the value of human life" when she drove toward Curtis and two other officers, placing them in "substantial danger of death or serious physical injury." R. 25-3 at 1–2. Roughly a year later, Phillips launched this civil lawsuit alleging that Curtis used excessive force in violation of the Fourth (and Fourteenth) Amendment, that Georgetown failed to train and supervise Curtis, and that both defendants violated state tort law. In February 2018—five plus years after the incident—Phillips pleaded guilty to wantonly endangering Curtis.

Under *Heck v. Humphrey*, someone convicted of a crime cannot bring a § 1983 lawsuit "if a judgment in [her] favor . . . would necessarily imply the invalidity of [her] conviction or sentence." 512 U.S. at 487. To prevail on her Fourth Amendment claims, Phillips must prove that Curtis used objectively unreasonable force under the totality of the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). An officer like Curtis may use deadly force on a fleeing suspect if "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Meanwhile, Phillips's conviction determined conclusively that she had placed Curtis's life at some point in "substantial danger of death or serious physical injury."

To determine whether a civil judgment and a criminal conviction would "necessarily" conflict, courts look to many considerations, including the timing of the alleged constitutional

violation and the criminal conduct. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 612 (6th Cir. 2014) ("[A] court must carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct . . . ."). Generally speaking, for example, if an individual is convicted of resisting arrest, that conviction bars claims that the police used excessive force during an arrest. *See id.* A victory in a damages suit thus would mean that the officer used force improperly, while the conviction for resisting arrest would dictate the opposite conclusion. *See id.* That is a classic *Heck* problem. But a person convicted of resisting arrest may still allege that an officer used excessive force *after* the arrest occurred. In that situation, the civil suit and the conviction potentially deal with separate moments and potentially can coexist without contradicting one another. *See id.*; *Matheney v. City of Cookeville*, 461 F. App'x 427, 431 (6th Cir. 2012); *Sigley v. Kuhn*, 205 F.3d 1341 (6th Cir. 2000) (unpublished table decision); *see also Lucier v. City of Ecorse*, 601 F. App'x 372, 377 (6th Cir. 2015).

In this case, Phillips purports to identify two separate incidents, one when she endangered Curtis, the other when he opened fire. To be sure, if the two incidents happened at roughly the same time—or in legitimate response to one another—*Heck* would bar her lawsuit. For placing Curtis in substantial danger of serious death or injury would mean that, at that moment, Curtis could use deadly force. *See Garner*, 471 U.S. at 11. But Phillips says that she placed Curtis's life in jeopardy at point one, she ceased to be a threat at point two, and only after that did Curtis shoot her. Under that scenario, assuming a material gap in time between the two events, her victory in this lawsuit would not necessarily invalidate her criminal conviction.

All of this means that the district court applied *Heck* prematurely in granting the defendants' motion to dismiss. Limited discovery should flesh out the nature of Phillips's plea and the timing of her conduct and the shooting. We realize that seven years have passed since the

events in question.   Under these circumstances, it is imperative that the district court require Phillips (and, where necessary, the officers) promptly to provide answers to these questions or the lawsuit should be dismissed for failure to prosecute it.

We reverse and remand for proceedings consistent with this opinion.